925 F.2d 1480
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James A. GREEN, Stephen J. Weissenberger, Howard A. Harvey,
Jerald D. Nelson and David V. Olson, Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 Nos. 89-1714, 89-1718, 89-1715, 89-1716, 89-1717.
 United States Court of Appeals, Federal Circuit.
 Jan. 24, 1991.
Rehearing Denied Feb. 14, 1991.
 
 Before MARKEY, Circuit Judge,* BENNETT, Senior Circuit Judge, and PLAGER, Circuit Judge.
 DECISION
 PLAGER, Circuit Judge.
 
 
 1
 Plaintiffs James A. Green, Stephen J. Weissenberger, Howard A. Harvey, Jerald D. Nelson and David V. Olson each appeal respective decisions of the Claims Court, Green v. United States, No. 763-87C (Aug. 10, 1989), Weissenberger v. United States, No. 764-87C (Aug. 11, 1989), Harvey v. United States, No. 788-87C (Aug. 11, 1989), Nelson v. United States, No. 556-88C (Aug. 14, 1989), and Olson v. United States, No. 673-88C (Aug. 16, 1989). The Claims Court granted summary judgment in favor of the Government in each case, thereby denying plaintiffs entitlement to sanctuary under 10 U.S.C. Sec. 1163(d) (1982).
 
 
 2
 This court, in an earlier non-precedential opinion dated October 26, 1990, affirmed the Claims Court judgments. Plaintiffs subsequently filed first a petition for rehearing, which was denied, and now a request to recall the mandate issued pursuant to that earlier opinion. Upon further consideration, we grant the request to recall the mandate, we vacate the earlier judgment and withdraw the accompanying opinion.
 
 
 3
 The decision of the Claims Court is again affirmed, as explained below.
 
 OPINION
 
 4
 LTC Green, in 1978, after accruing over 14 years of active service time, was discharged from the Regular Army and was commissioned in the Army Reserve. Thereafter, he participated in several active duty for training (ADT) and special active duty training (SADT) tours, bringing his total creditable service time to over 18 years. On August 21, 1987, while on an ADT tour at East Point, Georgia, LTC Green requested sanctuary under Sec. 1163(d). However, the Secretary of the Army, through his delegate, approved LTC Green's involuntary release effective November 30, 1987.
 
 
 5
 At the time Chief Warrant Officer (CWO) Weissenberger became a member of the Army Reserve in 1984, he had already accrued over 18 years of active service time in the Regular Army. While a member of the Reserve, he participated in several annual training (AT) tours. On November 3, 1987, while on AT duty, CWO Weissenberger requested sanctuary under Sec. 1163(d). However, the Secretary of the Army's delegate approved CWO Weissenberger's involuntary release.
 
 
 6
 LTC Nelson, during a 5-day ADT tour at Travis Air Force Base, California, in December, 1987, accrued 18 years of creditable service time. During a subsequent 3-day ADT tour, also at Travis Air Force Base, LTC Nelson requested sanctuary under Sec. 1163(d). However, the Acting Secretary of the Air Force approved LTC Nelson's involuntary release.
 
 
 7
 Major Olson, during a 140-day ADT tour at Fort Sheridan, Illinois which ended in September, 1987, accrued 18 years of creditable service time. During that tour, Major Olson requested sanctuary under Sec. 1163(d). Nevertheless, the Assistant Secretary of the Army (Manpower and Reserve Affairs), acting as the Secretary's delegate, approved Major Olson's involuntary release as of December 22, 1987.
 
 
 8
 LTC Harvey was involuntarily released from active duty in the Regular Army on June 27, 1980. Upon his release, LTC Harvey became a member of the Army Reserve. On or about November 26, 1983, by his participation in several ADT tours, LTC Harvey accrued 18 years of creditable service time. On November 10, 1987, while on inactive status, LTC Harvey requested Sec. 1163(d) sanctuary. His request was denied.
 
 
 9
 Each of these service members, except LTC Harvey, requested Sec. 1163(d) sanctuary while on ADT or AT tours, and had those requests properly denied by his service's Secretary. LTC Harvey requested Sec. 1163(d) sanctuary while on inactive status. The Claims Court concluded that none of these service members were entitled to sanctuary under Sec. 1163(d). In reaching these conclusions, the Claims Court properly applied the correct law.
 
 
 
 *
 Circuit Judge Markey vacated the position of Chief Judge on 27 June 1990